UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

HARRELL GRAHAM,

                Plaintiff,                          Civil No. 07-1163-HA

      v.                                 OPINION AND ORDER

COMPUTER GEAR, INC., a Washington
corporation, TERRY POWERS, an individual,

                Defendants.
_____

HAGGERTY, Chief Judge:

      Plaintiff brings copyright infringement claims against defendants.  Defendants filed a

motion to dismiss for improper venue pursuant to 28 U.S.C. § 1400(a).  For the following

reasons, defendants' motion to dismiss [6] is denied.

**BACKGROUND**

      Plaintiff, an Oregon resident, is a professional artist and a distributor of products he has

designed.  His products have been distributed throughout the United States.

      At issue in this action is artwork referred to as the "You Are Here – Milky Way" design

(Milky Way art).  Plaintiff asserts that he designed the Milky Way art in 1980, and registered the

copyright for it with the United States Copyright Office on April 26, 1982 (Copyright

Registration Number VA 113-657).  Plaintiff has been selling reproductions of the Milky Way art since 1981.

Defendant Computer Gear, Inc., (Computer Gear) is a Washington-based mail order catalog company with a principle place of business in Redmond, Washington.  Defendant Terry Powers (Powers) is president of Computer Gear.  Plaintiff asserts that Computer Gear, by, through and at the direction Powers, caused a design that infringes upon the Milky Way art to be copied, introduced into the company product line and subsequently offered for sale. Specifically, plaintiff alleges that defendants have printed and sold T-shirts bearing an image that infringes upon plaintiff's copyrighted Milky Way art, and that these infringing T-shirts have been offered for sale through infringing catalogs mailed to Oregon residents that offer direct shipping to Oregon.  Plaintiff also asserts that there is at least one interactive Internet web site offering direct shipping to Oregon, as well.

Defendant Powers has admitted that a little over one percent of Computer Gear's sales between 2004 and 2006 took place in Oregon.  Powers Affidavit, ¶ 6.  Plaintiff argues that by "directing and engaging in advertising in Oregon, sending direct mailings to Oregon, selling the products from the catalogs to individuals in Oregon and mailing products directly to Oregon purchasers, Defendants have purposely availed themselves of the privilege of conducting activities in this forum, and the exercise of jurisdiction is reasonable."  Pl.'s Opp. at 2-3.

**PENDING MOTION**

Defendants move to dismiss this action pursuant to 28 U.S.C. § 1400(a) and Federal Rule Civil Procedure 12(h)(1).  This court construes the motion as if it had been brought under Federal Rule Civil Procedure 12(b)(3), which permits a party to assert the defense of improper venue by motion before filing a responsive pleading.  Defendants assert that this court lacks personal jurisdiction over either or both of them.

2        - OPINION AND ORDER

Specifically, defendants contend that they have undertaken no systematic or substantial activities in Oregon, and that Powers never purposefully availed herself of the privilege of conducting business in Oregon.  Moreover, Computer Gear has no place of business in Oregon and maintains no agent or representative to do business in Oregon.

**STANDARDS**

For purposes of adjudicating a Rule 12(b)(3) motion, this court draws all reasonable inferences in favor of the non-moving party and resolves all factual conflicts in favor of the non-moving party.  *See Murphy v. Schneider National, Inc.*, 362 F.3d 1133, 1138 (9th Cir. 2004).   In reviewing a motion to dismiss under Rule 12(b)(3), the court has discretion to consider facts

outside of the pleadings.  *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996).

"Civil actions, suits, or proceedings arising under any Act of Congress relating to copyrights or exclusive rights in mask works or designs may be instituted in the district in which the defendant or [defendant's ] agent resides or may be found."  28 U.S.C. § 1400(a).  For purposes of the venue statute, a defendant may be considered "found" wherever personal jurisdiction over the defendant is proper.  *Columbia Pictures Television v. Krypton Broadcasting of Birmingham, Inc.*, 106 F.3d 284, 289 (9th Cir. 1997), *rev'd on other grounds by Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340 (1998).

To determine whether personal jurisdiction exists, the court may consider the pleadings and evidence presented through affidavits, and may also order limited discovery to develop jurisdictional facts.  *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001); *Data Disc, Inc. v. Systems Technology Associates*, 557 F.2d 1280, 1285 (9th Cir. 1977).

Plaintiff bears the burden of establishing that this court has personal jurisdiction over defendants.  *See Fireman's Fund Ins. Co. v. Nat'l Bank of Coop.*, 103 F.3d 888, 893 (9th Cir.

1996) (nonmoving party has burden of establishing personal jurisdiction).  Plaintiff need only

make a *prima facie* showing of facts that support exercising jurisdiction over defendants.

*Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1168 (9th Cir. 2006).

Personal jurisdiction over a non-resident defendant is tested under a two-prong analysis:

the exercise of jurisdiction must (1) satisfy the requirements of the long arm statute of the state

in which the district court sits; and (2) comport with principles of federal due process.  *Terracom

v. Valley Nat. Bank*, 49 F.3d 555, 559 (9th Cir. 1995); *Ziegler v. Indian River Cty.*, 64 F.3d 470,

473 (9th Cir. 1995).

The due process clause of the United States Constitution protects persons from being

subject to the binding judgments of a forum with which they have "established no meaningful

'contacts, ties, or relations.'"  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-72 (1985)

(citing *Int'l Shoe Co. v. State of Washington*, 326 U.S. 310, 319 (1945).   Due process requires

that a defendant have "minimum contacts with the forum state such that the exercise of personal

jurisdiction does not offend traditional notions of fair play and substantial justice."  *Decker Coal

Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 839 (9th Cir. 1986) (citing *Int'l Shoe Co.*, 326

U.S. at 316).  Minimum contacts encompasses two types of jurisdiction: general and specific.

*See Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990).

For a defendant to be subject to general personal jurisdiction, defendant must have such

"continuous and systematic contacts with the forum that the exercise of jurisdiction does not

offend traditional notions of fair play and substantial justice."  *Reebok Intern. Ltd. v.

McLaughlin*, 49 F.3d 1387, 1391 (9th Cir. 1995).  The standard for general jurisdiction is high,

requiring that the contacts in the forum "approximate physical presence."  *Tuazon*, 42 F.3d at

1169.  For example, a Las Vegas casino's "advertising and marketing scheme," website, and

"large percentage" of California customers all were deemed insufficient to approximate physical

presence in California and so fell short of meeting the high standard of general jurisdiction. *See Jonathan Browning, Inc. v. Venetian Casino Resort, LLC*, 2007 WL 4532214, at *3 (N.D. Cal. December 19, 2007). In denying that general jurisdiction could be properly exercised in California, the decision noted that the casino's principal place of business is in Nevada, and that it has no bank accounts, employees or agents in California. *Id*.

Alternatively, specific jurisdiction exists where: (1) the defendant has performed some act or consummated some transaction within the forum or otherwise purposefully availed himself or herself of the privileges of conducting activities in the forum, (2) the claim arises out of or results from the defendant's forum-related activities, and (3) the exercise of jurisdiction is reasonable. *See Bancroft & Masters, Inc. v. Augusta National Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000). If the plaintiff meets the first and second elements, the burden shifts to the defendant to present a compelling case that the exercise of jurisdiction would be unreasonable. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004) (citing *Burger King*, 471 U.S. at 476-78)). For example, the *Browning* court determined that specific jurisdiction was proper because the casino contacted the plaintiff – a California entity – intentionally solicited a bid and otherwise purposefully availed itself of the privilege of conducting business in California. *Browning*, 2007 WL 4532214, at *4. That court employed an "effects test" articulated in *Calder v. Jones*, 465 U.S. 783, 788-90 (1984), in which the Supreme Court found personal jurisdiction was properly asserted over a defendant whose libelous actions were directed at the plaintiff resident of the forum state.

The law is less clear regarding the degree to which interactive Internet sites may contribute to establishing minimum contacts. *See, e.g., Millennium Enterprises, Inc. v. Millennium Music, LP*, 33 F. Supp.2d 907, 916 -17 (D. Or. 1999) (adopting a "sliding scale" analysis to determine whether an Internet site could support personal jurisdiction).

Under this sliding scale, "the likelihood that personal jurisdiction can be constitutionally exercised is directly proportionate to the nature and quality of commercial activity that an entity conducts over the Internet." *Id*. at 1124. The *Millennium* court declined to adopt a "broad view of personal jurisdiction" regarding Internet sites, and instead recognized that there should be a deliberate action within the forum state "in the form of transaction between the defendant and residents of the forum or conduct of the defendant purposefully directed at the residents of the forum state." *Id*. at 921 (citing *Calder*, 465 U.S. at 788-90).  Because the *Millennium* defendant did not take action to create a substantial connection with Oregon, and did not "purposefully target its activities at Oregon," the court concluded that the exercise of personal jurisdiction would have been improper.  *Id*. at 921-22.

A small number of sales made in Oregon, coupled with the absence of attempts to create a substantial connection with Oregon, diminishes a plaintiff's chances to show "purposeful availment" of this forum:

> in the absence of an established distribution channel, a local sales force, or local advertising, I conclude that two sales of [possibly infringing] products via the Internet were random and fortuitous contacts rather than the result of purposeful conduct directed at this forum.  The [defendant's] website simply is not conduct and connection with Oregon such that [defendant] should reasonably anticipate being haled into court here.  Accordingly, I find that plaintiff fails to establish purposeful availment of this forum.

*Tuna Processors, Inc. v. Anova Food, Inc.*, 2007 WL 3232609, *4 (D. Or., November 1, 2007) (citations and internal quotations omitted).

## DISCUSSION

This court concludes that plaintiff cannot show the "continuous and systematic" contacts by either defendant necessary for the exercise of general personal jurisdiction.  Defendants have no physical presence in Oregon, no registered agents or employees or representatives in Oregon,

and no contacts substantive enough to meet the high standard of general jurisdiction.  The closer
question is whether a finding of specific jurisdiction would be proper.

As noted, specific jurisdiction refers to a situation in which the cause of action arises
directly from a defendant's contacts with the forum state.  *Sher*, 911 F.2d at 1361.  The first
prong of the specific jurisdiction test requires a plaintiff to show that the nonresident defendant
purposefully directed its activities or consummated some transaction with the forum or
performed some act by which it purposefully availed itself of the privilege of conducting
activities in the forum.

Plaintiff relies upon defendants' acknowledgment that over one percent of its sales
between 2004 and 2006 was derived from Oregon, arguing that "[t]his percentage of sales
represents a significant sum of money and is evidence of contacts with the forum that are
substantial or continuous and systematic."  Pl.'s Opp. at 6.  Plaintiff contends that defendants'
solicitation of business in Oregon includes the mailing of its catalog to Oregon residents.

This court concludes that plaintiff has established the minimum contacts that are a
prerequisite to the exercise of jurisdiction over both defendants.  There is no dispute that
defendants posted a commercial, interactive site on the World Wide Web, have engaged in
Internet commerce with Oregon residents, and have disseminated sophisticated catalog
advertising to Oregon  residents.  In short, defendants have intentionally availed themselves of
jurisdiction in Oregon.  *See Tech Heads, Inc. v. Desktop Service Center, Inc.*, 105 F. Supp.2d
1142, 1151 (D. Or. 2000) (despite the fact that over ninety-five percent of the defendant's
business was done with customers who were not residents of Oregon, defendant's highly
commercial website and record of some business with at least one Oregon resident was sufficient
for a finding of purposeful availment).

The second element of the specific, personal jurisdiction test requires the plaintiff to show that the claims being asserted arise out of, or are related to, the defendant's forum-related activities. *Ziegler*, 64 F.3d at 474. Plaintiff refers to at least two catalogs distributed by defendants in Oregon that contain an infringing image and solicit sales for an infringing T-shirt, and it is plain that plaintiff's claims are related to this allegedly infringing conduct. But for defendants' utilization of its website to pass its product into Oregon, plaintiff would not have allegedly suffered harm in Oregon.

It is proper at this point to address defendants' arguments that plaintiff has failed to provide specific evidence with respect to exercising jurisdiction over defendant Powers. These arguments are unpersuasive. "There is no bar to exercising personal jurisdiction over officers and employees of a non-resident corporation if they ha[ve] the requisite minimum contacts." *Calder*, 465 U.S. at 790. Powers' role as president of Computer Gear, and as one of only three full-time employees for Computer Gear, establishes that she directed and engaged in the solicitations and sales activities sufficiently to warrant the exercise of personal jurisdiction over her as well as over Computer Gear.

Finally, as noted above, if plaintiff meets the first two elements of the specific, personal jurisdiction test, the burden rests upon the defendants to show that the exercise of jurisdiction fails to comport with fair play and substantial justice. To defeat personal jurisdiction, defendants must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable. *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1114 (9th Cir. 2002).

The reasonableness of asserting jurisdiction is assessed to prevent a party from deploying jurisdictional rules "in such a way as to make litigation 'so gravely difficult and inconvenient' that a party unfairly is at a 'severe disadvantage in comparison to his opponent.'" *Core-Vent*

*Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1487 (9th Cir. 1993) (citing *Burger King*, 471 U.S. at 478).

The court examines seven factors to determine whether the exercise of jurisdiction is reasonable:

1.    the extent of the defendants' purposeful interjection into the forum state's affairs;

2.    the burden on the defendant of defending in the forum;

3.    the extent of conflict with the sovereignty of the defendants' state;

4.    the forum state's interest in adjudicating the dispute;

5.    the most efficient judicial resolution of the controversy;

6.    the importance of the forum to the plaintiff's interest in convenient and effective relief; and

7.    the existence of an alternative forum.

*Id*. at 1487-88.

No factor is dispositive in itself, and the court must balance all seven. *Roth v. Garcia Marquez*, 942 F.2d 617, 623 (9th Cir. 1991).

Defendants argue that the exercise of jurisdiction would be unreasonable because Computer Gear is a small business that is operated on a day-to-day basis by defendant Powers. Reply at 7.  Powers asserts that she works in Redmond, Washington, and that litigation in Oregon would be burdensome.  Powers Supp. Dec. at ¶¶ 1-2.  Defendants also speculate that plaintiff's burden would be less than that of defendants' because plaintiff is "an individual who filed the case in his home state simply for his own convenience," and argue that "Washington has an inherent interest in having this case litigated in its own state."  Reply at 7.

Defendants' arguments fail to overcome the presumption of reasonableness established when plaintiff satisfied the first two elements of the specific, personal jurisdiction test. This court has undertaken a balancing of the seven relevant factors listed above:

The court has examined the declarations and affidavits submitted, and concludes that defendants' solicitation of business in Oregon amounts to a purposeful interjection into Oregon.

The alleged burden upon defendants of litigating this action in Oregon has not be shown to be significant.

There is no showing that litigating in Oregon would conflict with the sovereignty of any other jurisdiction.

Oregon's interest in protecting its residents from copyright infringement is not outweighed by any purported interest Washington, or any other venue, might have in the case.

The efficiency of resolving this matter in Oregon is unchallenged.

Oregon is, however, an important venue for purposes of providing plaintiff convenient and effective relief.

And, finally, the existence of possible alternative forum fails to influence this court's evaluation of reasonableness.

Having considered the relevant factors, the court concludes that, on balance, jurisdiction is reasonable.

**CONCLUSION**

For the foregoing reasons, defendants' Motion to Dismiss for Improper Venue pursuant to 28 U.S.C. § 1400(a) [6] is denied. A new discovery and trial schedule in this matter will be issued by separate Order.

IT IS SO ORDERED.

10    - OPINION AND ORDER

DATED this  22   day of January, 2008.


_____ /s/ Ancer L. Haggerty _____
Ancer L. Haggerty
United States District Judge